IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILEY ZACHARY CARROLL**                                                                          **PETITIONER**

v.                    **No. 3:22CV73-MPM-RP**

**STATE OF MISSISSIPPI**                                                                        **RESPONDENT**

**Consolidated With**

**WILEY ZACHARY CARROLL**                                            **PETITIONER**

v.               **No. 3:22CV149-GHD-DAS**

**BURL CAIN, Commissioner**                                                 **RESPONDENT**

## ORDER CONSOLIDATING CASES

This matter comes before the court on the motion by the State to consolidate the following two cases: *Carroll v. State of Mississippi*, 3:22CV73-MPM-RP and *Carroll v. Cain*, 3:22CV149-GHD-DAS. Consolidation of cases is controlled by Fed. R. Civ. P. 42(a), which states:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
> **(1)** join for hearing or trial any or all matters at issue in the actions;
>
> **(2)** consolidate the actions; or
>
> **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42. The two actions at issue have common questions of both law and fact, and under Fed. R. Civ. P. 42(a)(2), the court will consolidate them.

Under the court's Uniform Local Rules:

[T]he action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried. Consolidation of actions from different divisions of a district court will be controlled by the earliest filing date. A dismissal of the action bearing the lower or lowest number before the hearing on a motion to consolidate will not affect the

operation of this rule. The judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, will be the judge before whom the action(s) will be tried.

Rule 42, Uniform Local Rules of the Northern and Southern Districts of Mississippi.

In both cases, Mr. Carroll challenges the execution of his five-year sentence under his guilty plea for felony driving under the influence as a third offense ("felony DUI") in the Tippah County Circuit Court. Mr. Carroll argues that the trial court imposed a five-year *suspended* sentence (with no incarceration), but the Mississippi Department of Corrections has nonetheless incarcerated him.

The lead case, *Carroll v. State of Mississippi*, 3:22CV73-MPM-RP (originally filed in this court), is a petition for writ of *habeas corpus* under 28 U.S.C. § 2241. The companion case, *Carroll v. Cain*, 3:22CV149-GHD-DAS, was transferred to this court from the United States District Court for the Southern District of Mississippi, which construed Mr. Carroll's pleading as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 (a challenge to the fact or duration of his conviction or sentence). However, after a careful reading of Mr. Carroll's petition in the companion case, it, too, is a challenge to the execution of his sentence, and the court will construe it as a *habeas corpus* petition under § 2241.

**It is, therefore, ORDERED** that the Clerk of the Court **CONSOLIDATE** these cases, selecting as the lead case: the one with the lower docket number (for cases filed in the same division) – or the one with the earlier filing date (for cases filed in different divisions). The Clerk of the Court will also **CONVERT** the companion case to a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 for the remainder of the proceedings.

**SO ORDERED**, this, the 8th day of August, 2022.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI