IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILEY ZACHARY CARROLL**      **PETITIONER**

v.      **No. 3:22CV73-MPM-RP**

**STATE OF MISSISSIPPI**      **RESPONDENT**

Consolidated With

**WILEY ZACHARY CARROLL**      **PETITIONER**

v.      **No. 3:22CV149-MPM-RP**

**BURL CAIN, Commissioner**      **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Wiley Zachary Carroll for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition; Carroll has responded to the motion, and the parties have offered additional briefing. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted. The instant petition for a writ of *habeas corpus* will be dismissed with prejudice for failure to state a claim upon which relief could be granted, and, in the alternative, the petition will be dismissed without prejudice for failure to exhaust state remedies.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is

equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id*.

> Relief under § 2241 is available to a prisoner in five situations, when:
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond

order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

## Petitioner's Grounds for Relief

As set forth below, Carroll has challenged the execution of his five-year sentence in the trial court, the Mississippi Supreme Court, and through the MDOC Administrative Remedy Program ("ARP"). However, the record shows that Carroll's challenge to his five-year sentence is unexhausted; as such, it will be dismissed without prejudice for failure to exhaust available state court remedies prior to seeking federal habeas relief in this Court.

Notwithstanding his failure to exhaust, Carroll's grounds for relief fail on the merits and will be dismissed for that reason. He argues that the trial court imposed a five-year suspended sentence, with no incarceration, but the MDOC has nonetheless imprisoned him to serve the entire five-year term. This assertion is contradicted in multiple ways throughout the record. In addition, to the extent that Carroll challenges his right to release on parole or probation – or alleges that the MDOC has improperly calculated his release date – he fails to state a claim upon which federal *habeas corpus* relief can be granted.

## Facts and Procedural Posture[1]

Wiley Zachary Carroll is in the custody of the MDOC and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. Carroll's MDOC Inmate

---

[1] The court has drawn the facts from the State's motion to dismiss, as they are both undisputed and well-documented.

Time Sheet confirms that he is incarcerated in the physical custody of the MDOC on his guilty plea conviction in the Tippah County Circuit Court for felony driving under the influence as a third offense ("felony DUI third") and resulting five-year sentence. Exhibit A.²

## Procedural History

*Guilty Plea and Sentence*

On October 16, 2020, Carroll was indicted for felony driving under the influence as a fourth offense. Exhibit B. On April 26, 2021, the State filed a motion to amend Carroll's indictment to correct typographical errors. Exhibit C. On the same date, Carroll filed a *pro se* motion to quash his indictment as defective. SCR, Cause No. TK2020-123, Case Folder. On May 4, 2021, Carroll filed a *pro se* pleading entitled "Defendant's Motion State Failure to Prosecute Failure of Due Process." SCR, Cause No. TK2020-123, Case Folder. On the same date, the trial court entered an "Agreed Motion and Order to Reduce Charge(s)" from felony DUI as a fourth offense to felony DUI third. Exhibit D. Carroll then filed his guilty plea petition to the reduced charge of felony DUI third. Exhibit E. Carroll signed his plea petition acknowledging, in relevant part:

> As a result of plea bargaining, my attorney and I have reached an agreement with the District Attorney's office concerning my offer to plead guilty to the charge listed in paragraph three. It is my understanding that the District Attorney will recommend to the Court that I receive a sentence as follows: 5 years in the custody of MDOC, CC, fees, assessments ($100 DA) to be paid in equal monthly installments upon his release[, and a] $2,000 fine.

Exhibit E. There was no mention of a suspended sentence in the plea petition.

The trial court entered the "Plea of Guilty and Judgment of the Court," sentencing Carroll to "serve a term of five years in the custody of the [MDOC] in a facility to be designated by said

---

² The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss the instant petition for a writ of *habeas corpus*.

Department[.]" Exhibit F. The order contained additional language at the end of the sentencing paragraph (the italicized text):

> It is, therefore, ORDERED AND ADJUDGED by the Court that the Defendant, WILEY ZACHARY CARROLL, be and he is the charge of [sic] FELONY DUI 3RD OFFENSE, and the defendant is sentenced to SERVE a term of FIVE YEARS in the custody of the [MDOC] in a facility to be designated by said Department pursuant to Mississippi Code Section 47-7-34, *and the suspension of said sentence is based upon the following conditions*:
>
> [various conditions of release and payment of costs and fees].
>
> The defendant shall pay all court costs, fines, and restitution in equal monthly payments upon release from MDOC custody.

Exhibit F.[3] (emphasis added). This is the only mention of a suspended sentence in the record.

Carroll's sentencing transcript shows that the trial court imposed a five-year term of incarceration, with no suspension of time. Exhibit G at 12–13. At sentencing, the trial court asked the State whether "[it] ha[d] a recommendation as to Mr. Carroll," and the following exchange followed:

| [State]: | Yes, your Honor, we do. In Mr. Carroll's case for the offense of DUI, third offense, the State recommends a sentence of five (5) years in an institution to be designated by the [MDOC]; that he will pay all court costs, fees, and assessments, including the $100 D.A. assessment, and the statutory $2,000 fine. |
|---|---|
| [Court]: | Very well. The [c]ourt will accept the recommendation by the State. Mr. Carroll, I do hereby sentence you to serve a term of five (5) years in the custody of the [MDOC]. I will order that you pay all court costs, fees, and assessments, including specifically the $100 D.A. fee to be paid in equal monthly installments upon your release and as a specific term of any parole that you achieve. You are also to pay a $2,000 fine, which is the statutory requirement in this case, and you will, likewise, pay that as a term and condition upon your release. |

---

[3] Carroll relies upon the italicized surplusage to support his claim that the trial court imposed a five-year sentence, then suspended its execution.

Exhibit G at 12–13 (emphasis added).

Further, as stated above, Carroll's MDOC Inmate Time Sheet confirms that he is incarcerated in the physical custody of the MDOC, serving his five-year sentence, as ordered. Exhibit A; *see also* Exhibits F, G. Carroll's notice of criminal disposition also confirms his five-year term "to be served." Exhibit H. Again, there is not mention of a suspended sentence in these documents.

*Challenges to Execution of Sentence*

Three weeks after his guilty plea conviction, Carroll began a series of challenges to his felony DUI third and resulting five-year term of imprisonment. He first filed a *pro se* pleading entitled "Writ of Habe[as] Corpus" in the Mississippi Supreme Court, which that court construed as a motion for post-conviction relief. *See* SCR, Cause No. 2021-M-00602, Miscellaneous Folder. On August 19, 2021, the Mississippi Supreme Court dismissed the pleading without prejudice to be filed in the trial court because Carroll pled guilty and had no appeal of his conviction and sentence. Exhibit I (citing Miss. Code Ann. § 99-39-7) (requiring defendants who have not appealed their convictions to file post-conviction relief challenges in the trial court).

Meanwhile, after Carroll filed his petition in the Mississippi Supreme Court, he also filed a *pro se* pleading in the trial court entitled "Defendant's Motion to Clarify Sentence Post Conviction Relief," in which he argued that the trial court imposed a suspended sentence. *See* SCR, Cause No. TK2020-123, Case Folder. On June 9, 2021, the trial court entered an "Order Denying Relief Requested," concluding that "[the court wa]s without jurisdiction to rule on this petition." Exhibit J. The trial court explained:

> It appears to the [c]ourt [that] the defendant is challenging the computation and operation of his sentence. An inmate who is uncertain about the operation of his

> sentence and desires clarity should pursue the administrative review procedures available through the [MDOC] before turning to the court. Therefore, the Defendant must pursue all of his administrative remedies with the department before raised this matter with this [c]ourt. Miss. Code Ann. Sec. 47-5-803(2). *Burns v. State*, 933 So. 2d 329, 331 (Miss. Ct. App. 2006).

Exhibit J. The trial court thus denied post-conviction relief on procedural grounds. Carroll appealed the trial court's Order, and, according to the Mississippi Court of Appeals website, that appeal is ongoing. *See* Exhibit K; SCR, Cause No. 2021-TS-00959-COA; *and see* *https://courts.ms.gov/index.php?cn=93977#dispArea* (last visited February 15, 2023).

On the same day, Carroll filed his notice of appeal of the trial court's Order; he also filed a *pro se* pleading entitled "Motion for Post Conviction Collateral Relief Request Reduction of Sentence" in the trial court. *See* SCR, Cause No. CV2021- 113. In this application for post-conviction collateral relief, Carroll did *not* raise the claim at issue in the present case (that he received a suspended sentence, but was nonetheless incarcerated). On September 15, 2021, the trial court entered an "Order Denying Relief Requested," holding that:

> After reviewing the documents filed by the Petitioner, the [c]ourt finds it plainly appears from the face of the motion and prior proceedings, including the transcript of the plea and sentencing hearing taken in the related criminal cause of TK2020-123, that the Petitioner is not entitled to any relief. Therefore, the [c]ourt is of the opinion the requested relief is not well taken and is hereby denied.

Exhibit L. Though the September 15, 2021, order was a decision on the merits, it did not involve Carroll's claim regarding the execution of his sentence.

On January 27, 2022, Carroll filed a *pro se* pleading entitled "Defendant's Motion to Vacate and Set Aside Illegal Sentence" in the trial court, in which he claimed to have received a suspended sentence, but was serving his sentence in the custody of the Mississippi Department of Corrections (the claim at issue in the present case). *See* SCR, Cause No. TK-2020-123, Case

Folder. On February 4, 2022, the trial court entered an "Order Denying Relief Requested," explaining that:

> This Petitioner has filed a previous motion for post-conviction collateral relief with this [c]ourt regarding criminal cause number TK2020-123, and the [c]ourt denied that petition on September 8, 2021. Therefore, the [c]ourt finds Petitioner's current petition to be a successive motion and jurisdictionally barred. Miss. Code Ann. § 99-39-23(6).

Exhibit M.[4] Thus, this successive application for post-conviction collateral relief, which raised the issue at bar, was denied on procedural grounds, rather than on the merits.

On February 11, 2022, Carroll filed a *pro se* pleading entitled "Defendant's Motion to Quash or Abate[] Indictment 99-7-23." See SCR, Cause No. TK2020-123, Case Folder. The files the Tippah County Circuit Court Clerk's Office provided to the State contain no order disposing of this *pro se* motion. See SCR, Cause No. TK-2020-123, Case Folder; Cause No. CV2021-113, Case Folder.

*MDOC Grievances ("ARPs")*

Carroll also challenged the execution of his five-year sentence through the MDOC ARP. He signed a prison grievance on July 25, 2021, which was stamped as "received" by the MDOC ARP on November 23, 2021, and assigned ARP Number CMCF-21-1429. Exhibit N. Carroll challenged the language in his sentencing order referencing "probation conditions" and alleged that the "MDOC has opted to ignore the suspension of [his] sentence of 5 yrs. and refuse[d] to release [him] on to probation in accord[ance] with the sentencing order and as explained to [him] by [defense counsel]." Exhibit N at 4–5. Carroll requested that he be released on "probation, house arrest, intense supervision program[,] or monitoring device … in accordance with the

---

[4] Although Carroll filed the *pro se* motion in his criminal matter in the trial court, the court entered its Order denying the motion in Carroll's separate civil matter in the Tippah County Circuit Court. See SCR, Cause Nos. TK-2020-123; CV2021-113.

sentencing order." Exhibit N at 5. On December 8, 2021, the MDOC ARP issued a Response Form to Carroll on ARP Number CMCF-21-1429, advising him that his challenge to a sentencing issue sought "[r]elief … beyond the power of the [ARP] to grant." Exhibit N at 5. Carroll signed for receipt of the rejection notification on January 24, 2022. Exhibit N at 8.

Meanwhile, on September 29, 2021, Carroll submitted another prison grievance, which was stamped as "received" by the MDOC ARP in May 2022, with a "BACKLOG" status notation, and assigned ARP Number MCCF-22-77. Exhibit O. Carroll again challenged the execution of his sentence, arguing that the trial court's order suspended the five-year term of incarceration and requesting that he be sent home. Exhibit O at 5–7. On May 12, 2022, the MDOC ARP issued a Response Form to Carroll on ARP Number MCCF-22-77, advising him that his challenge was rejected because it was a "court issue." Exhibit O at 2. On May 20, 2022, and again on June 22, 2022, the MDOC ARP issued letters to Carroll, advising him of the department's receipt of his additional requests for release. Exhibit O at 11, 26. The director of the MDOC ARP noted that Carroll had a previously rejected ARP concerning the same issue; therefore, the request would not be processed, and no other complaints regarding the issue were necessary. Exhibit O at 11, 26.

Within the attached MDOC ARP paperwork on ARP Number MCCF-22-77 are documents, including the Action of the Parole Board on April 4, 2022, showing that the parole board denied Carroll's parole, citing "history of drug or alcohol abuse," "insufficient time served," and "[t]he Board believes the ability or willingness to fulfill the obligations of a law-

abiding citizen is lacking [under] Section 47-7-17 of the Mississippi Code Annotate[d] as amended." Exhibit O at 16–17, 34–35.[5]

*Federal Habeas Corpus Proceedings*

Carroll initiated the lead case through the submission of a *pro se* pleading entitled "Petition for Writ of Mandamus" on April 27, 2022. Doc. 1. This court entered an Order construing Carroll's filing as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241. Doc. 4. In compliance with the court's Order (Doc. 4), Carroll filed his first federal *habeas corpus* petition under 28 U.S.C. § 2241, challenging the execution of his five-year sentence on the official form (Doc. 6). He also requests that the court "compel[] the supreme court to hand down its final ruling and/or an immediate release from this illegal detention, illegal sentence, on to his court ordered probation term, or reverse and discharge." Doc. 6 at 8.

The court ordered the State to "file an answer to this petition, along with full transcripts of all proceedings in the state courts of Mississippi regarding the revocation of parole of the Petitioner in the Circuit Court of Tippah County, Mississippi." Doc. 8. Carroll responded with a letter addressed to this court, clarifying that his state criminal matter "has no revocation hearing issues, due to the fact that this Petitioner was never afforded the opportunity to beg[i]n the probation term." Doc. 11 (underline in original). Carroll thus maintains that he should not be serving his five-year sentence for felony DUI third incarcerated in the physical custody of the MDOC. *See* Docs. 1, 6, 11.

Carroll initiated the companion case, *Carroll v. Cain*, No. 3:22CV149-GHD-DAS, in the United States District Court for the Southern District of Mississippi. That court construed

---

[5] The Parole Board's decision was presented on a form with boxes checked for each reason for denying parole, rather than an analysis in narrative form.

Carroll's pleading as petition for writ of *habeas corpus* under 28 U.S.C. § 2254, concluding that it consisted of a challenge to the fact or duration of his conviction or sentence. *See* Doc. 13. The Southern District then transferred Carroll's case to this court. *See* Doc. 13.

The State then filed a motion to consolidate Carroll's two pending federal *habeas corpus* cases because a review of the two petitions confirmed that Carroll raises the same challenges to the execution of his five-year sentence on his felony DUI third guilty plea. Doc. 12. The court granted the motion, holding that the consolidated case should proceed under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254, because "[i]n both cases, Mr. Carroll challenges the execution of his five-year sentence under his guilty plea for felony driving under the influence as a third offense … in the Tippah County Circuit Court." Doc. 13 at 2. The court noted that "Mr. Carroll argues that the trial court imposed a five-year *suspended* sentence (with no incarceration), but the [MDOC] has nonetheless incarcerated him." Doc. 13 at 2 (emphasis in original).

**Carroll Has Not Exhausted State Remedies**

The instant petition will be dismissed because Carroll has not exhausted state remedies as to his grounds for relief. There is no express statutory requirement that an inmate seeking *habeas corpus* relief under 28 U.S.C. § 2241 exhaust state court remedies prior to asserting his claims in federal court. Federal courts have, however, read that requirement into the law. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

First, as set forth above, Carroll did not present the issue in the instant petition to the trial court in his first request for post-conviction collateral relief. Then, though he did present the issue in his second request for post-conviction relief, that request was dismissed as successive. Thus, the trial court has not yet ruled on issue regarding whether Carroll's five-year sentence was suspended. In addition, his grievances were either placed on backlog or they failed on procedural grounds (not on the merits).

Second, the Mississippi Supreme Court's records, as available on the court's official website, confirm that Carroll's appeal of the trial court's "Order Denying Relief Requested" (concluding that "[the court wa]s without jurisdiction to rule on" "Defendant's Motion to Clarify Sentence Post Conviction Relief") is currently pending before the Mississippi Court of Appeals. *See* Exhibit K; SCR, Cause No. 2021- TS-00959-COA; and *see https://courts.ms.gov/index.php?cn=93977#dispArea* (last visited February 15, 2023). As such, Carroll has not properly presented his challenge to the execution of his five-year sentence to the Mississippi Supreme Court before seeking federal *habeas corpus* relief in this court. Hence, his challenge to the execution of his five-year sentence will be dismissed without prejudice for failure to exhaust state remedies. *Dickerson*, 816 F.2d at 225.

**Carroll's Challenge to His Five-Year Sentence Is Meritless**

Despite Carroll's failure to exhaust state remedies as to his challenge to his five-year sentence, the court will also deny relief on the merits. *See Neville v. Dretke*, 423 F.3d 474, 480–82 (5th Cir. 2005) (although AEDPA requires total exhaustion as a prerequisite for this Court to grant relief, this Court may deny relief on the petitioner's unexhausted claims); *Nobile v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998); *see also Keel v. Miss. Dep't of Corr.*, No. 3:21CV226-GHD-JMV, 2022 WL 1695780, at *6 (N.D. Miss. May 26,

2022) (dismissing petitioner's unexhausted and procedurally-defaulted challenge to his pretrial jail credit in proceeding under § 2241 "for want of substantive merit") (*citing Neville*, 423 F.3d at 480–82; *Nobile*, 127 F.3d at 423).

Carroll relies on the italicized language in his sentencing order to support his argument that the trial court intended to impose a suspended sentence:

> It is, therefore, ORDERED AND ADJUDGED by the Court that the Defendant, WILEY ZACHARY CARROLL, be and he is the charge of [sic] FELONY DUI 3RD OFFENSE, and the defendant is sentenced to SERVE a term of FIVE YEARS in the custody of the [MDOC] in a facility to be designated by said Department pursuant to Mississippi Code Section 47-7-34, *and the suspension of said sentence is based upon the following conditions*

Exhibit F. (emphasis added). His reliance is, however, misplaced, as the italicized language does not fit with the remaining text in the sentencing order, and it is flatly contradicted by the transcript of the sentencing hearing and his MDOC Time Sheet.

As set forth above, at Carroll's sentencing on his guilty plea, the Tippah County Circuit Court accepted the State's five-year recommendation and sentenced Carroll to serve a term of five years incarcerated in the custody of the MDOC. Exhibits F, G at 12–13, H. In addition, Carroll's MDOC Inmate Time Sheet confirms that he is currently serving his five-year sentence in the custody of MDOC, as ordered. Exhibit A; *see also* Exhibits F, G at 12–13, H. Further, during Carroll's sentencing, the trial court stated:

> I will order that you pay all court costs, fees, and assessments, including specifically the $100 D.A. fee to be paid in equal monthly installments upon your release *and as a specific term of any parole that you achieve.*

Exhibit G at 12–13 (emphasis added). As Carroll could *not* be paroled from a suspended sentence, the trial court's reference to "a specific term of any parole that you achieve" shows that the court intended that Carroll be sentenced to a five-year term of incarceration (from which he *could* be paroled). The record in this case, viewed as a whole, thus confirms that the execution

of Carroll's five-year sentence is proper, and this ground for relief is without substantive merit. Exhibits F, G at 12–13, H.

### To the Extent That Carroll Challenges His Right to Release on Parole, That Is Not a Valid Claim for *Habeas Corpus* Relief

Construing Carroll's pleadings liberally, he could be arguing that he has a right to release on parole or probation – or that the MDOC has improperly calculated his release date.[6] These arguments do not state a valid claim for *habeas corpus* relief. A federal *habeas corpus* claim "based on any argument that state courts are incorrectly applying their own law … is not a basis for [federal *habeas corpus*] relief." *See Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014); *see also Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") The Fifth Circuit has affirmed this rule as to parole in Mississippi, as "[p]arole ... is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014) (holding that a challenge regarding parole in Mississippi does not state a *habeas corpus* claim). As such, any request for release on parole or probation – or any challenge to the calculation of Carroll's release date – will be dismissed for failure to state a claim upon which *habeas corpus* relief could be granted.

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted, and, in the alternative, for

---

[6] *See Haines v. Kerner*, 404 U.S. 519 (1972) (requiring courts to construe *pro se* submissions to the court liberally).

failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

        **SO ORDERED**, this, the 21st day of February, 2023.

                                         /s/ Michael P. Mills
                                         SENIOR U.S. DISTRICT JUDGE
                                         NORTHERN DISTRICT OF MISSISSIPPI